UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OSCAR GUILLEN, SR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:14-cv-1187-TWP-DML |
| DUSHAN ZATECKY, | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Oscar Guillen, Sr. received all the process to which he was entitled in No. ISR 13-12-102. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Guillen was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed. The hearing proceeded without him only after he was removed for misbehavior. The dismissal of a similar charge at another prison did not preclude the proceeding which is challenged here.

Guillen's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Guillen to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/17/2014

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Oscar Guillen, Sr.
950987
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
Pendleton, IN 46064